UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ACKERS, | No. 2:21cv-00244 JAM AC PS |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, and GAVIN NEWSOM, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
2 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
3 to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.
4 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
5 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff brings a putative class action for violations of the Electronic Funds Transfer Act (15 U.S.C. § 1693) ("EFTA"), and many state law claims. ECF No. 1 at 1-2. Plaintiff alleges that there is a fraudulent scam being run out of state penitentiaries in which more than 35,000 inmates were paid out by defendant California Employment Development Department ("EDD"). Id. at 3. Plaintiff asserts that over "[a]side from those facts, several million other Californians have been cheated out of EDD Benefits by an elusive & Corrosive State Govt." Id. Plaintiff states that he and members of the putative class were "harmed by the same unlawful, deceptive, unfair, systemic, and pervasive pattern of misconduct engaged in by Defendant." ECF No. 1 at 9.

## III.  ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant; the undersigned accordingly rejects the complaint on screening but will give plaintiff the opportunity to amend.

First, a pro se plaintiff cannot act as an attorney for others and cannot bring a class action. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). The complaint is styled as a class action, and all the allegations are brought on behalf of a purported class. If plaintiff chooses to amend his complaint, he must bring it on behalf of himself alone. If plaintiff reasserts any putative class claims, the undersigned will recommend their dismissal.

Second, it is not clear that plaintiff has standing to bring this case. "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing [and ripeness]." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church

1    and State, Inc., 454 U.S. 464, 471 (1982).  To have Article III standing, a plaintiff must plead and
2    prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of
3    Article III of the United States Constitution.  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138,
4    1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must
5    establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))).

6         To satisfy Article III standing, a plaintiff must allege: (1) injury-in-fact that is concrete
7    and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the
8    challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.
9    Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.
10   Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction
11   bears the burden of establishing these elements . . . with the manner and degree of evidence
12   required at the successive stages of the litigation."  Lujan, 504 U.S. at 561 (citations omitted).
13   Plaintiff's complaint does not specify what injury, if any, he personally suffered with respect to
14   the allegations in the complaint, and therefore he has not properly alleged standing.  If plaintiff
15   chooses to amend his complaint, he must explain how he was personally injured by the conduct of
16   defendants.

17        Finally, plaintiff appears to name the incorrect defendants for the only federal cause of
18   action in this case.  Plaintiff states that he and class members notified EDD of an "unauthorized
19   transaction" triggering EDD's response obligations, though he does not explain what the
20   unauthorized transaction was.  Id. at 13-15.  However, when EDD issues a debit card for an
21   individual to receive benefits, the card is issued and operated by Bank of America, not directly by
22   EDD.[1]  Thus, it appears that EDD and Governor Newsom are not the proper defendants for an
23   EFTA claim.  If plaintiff chooses to amend his complaint, he must ensure he is suing the proper
24   defendant(s).
25   ////

---

[1] See EDD Debit Card Benefits Payments, State of California Employment Development Dept., https://edd.ca.gov/About_EDD/FAQs_The_EDD_Debit_Card.htm#:~:text=The%20EDD%20Debit%20CardSM%20is%20mailed%20to%20you%20when,are%20determined%20eligible%20for%20payment (last visited February 10, 2021).

4

IV.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must be brought on behalf of himself alone and must allege facts establishing the existence of standing and federal jurisdiction.  The amended complaint must contain a short and plain statement of plaintiff's claims.  The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline

Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to you, if any.  Because the complaint as written (1) is brought on behalf of others, (2) does not tell the court how you personally were harmed, and (3) appears to name the incorrect defendant for the EFTA claim, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix these problems with your complaint.

You are being given 30 days to submit an amended complaint that  fixes the problems listed above.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: February 16, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE