UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GREGORY ACKERS, | No. 2:21-cv-00244 JAM AC PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, and GAVIN NEWSOM, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(a)(1). Plaintiff's initial complaint was rejected with leave to amend. ECF No. 4. Plaintiff's First Amended Complaint is now before the court for screening. The undersigned recommends it be dismissed without further leave to amend.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff initially brought a putative class action for violations of the Electronic Funds Transfer Act (15 U.S.C. § 1693) ("EFTA"), and many state law claims.  ECF No. 1 at 1-2. Plaintiff alleges that there is a fraudulent scam being run out of state penitentiaries in which more than 35,000 inmates were issued payments by defendant California Employment Development

Department ("EDD").  Id. at 3.  Plaintiff asserted that "[a]side from those facts, several million other Californians have been cheated out of EDD Benefits by an elusive & Corrosive State Govt." Id.  Plaintiff stated that he and members of the putative class were "harmed by the same unlawful, deceptive, unfair, systemic, and pervasive pattern of misconduct engaged in by Defendant."  ECF No. 1 at 9.

The court rejected plaintiff's complaint, explaining that it did not contain facts supporting any cognizable legal claim against any defendant.  ECF No. 3 at 3.  The court explained that a pro se plaintiff cannot act as an attorney for others and cannot bring a class action.  Id.; see C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  The court further explained that it was not clear that plaintiff has standing to bring this case, because he did not allege that he suffered any actual harm.  Id. at 4.  The court also noted that plaintiff appeared to have named the incorrect defendants.  Id.  Plaintiff was given leave to file an amended complaint.  Id. at 5.

Plaintiff's First Amended Complaint ("FAC") was filed on April 5, 2021.  ECF No. 5.  It is no longer titled a class action, though it is styled as one, regularly referring to "the mass" and "millions of Californians" who have suffered.  See id. at 1, 4.  Plaintiff identifies himself alone as the plaintiff, but states that he "suffered the same INJURY as 30 million other Californians."  Id. at 3.  The FAC continues to address elements of a class action, such as numerosity, commonality, and typicality.  Id. at 4.  Plaintiff does not identify any specific harm to himself.  Plaintiff maintained his state claims but removed his claim under the Electronic Funds Transfer Act (15 U.S.C. § 1693) ("EFTA").  Id. at 1.

III.  ANALYSIS

Plaintiff's FAC is not meaningfully different from his original complaint except that he has removed the only federal cause of action, thereby defeating jurisdiction under 28 U.S.C. § 1331.  Because there is no diversity of citizenship in this case, without any federal causes of action this court lacks jurisdiction and this case must be dismissed.  Further, the complaint does not contain facts supporting any cognizable legal claim against any defendant.  As previously explained, a pro se plaintiff cannot act as an attorney for others and cannot bring a class action. C.E. Pope Equity Trust, 818 F.2d at 697.  The complaint, though no longer labeled a class action,

is styled as a class action and all the allegations involve injuries to a purported class. See ECF No. 5 at 4.

Additionally, it is now apparent that plaintiff does not have standing to bring this case. "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing [and ripeness]." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))).

To satisfy Article III standing, a plaintiff must allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted). Plaintiff's FAC does not specify any injury that he personally suffered with respect to the allegations in the complaint, and therefore he has not properly alleged standing. Having already explained to plaintiff the requirements of Article III standing and given him an opportunity to cure the defect, the undersigned is now confident that this defect cannot be cured.

It is clear at this juncture that this court lacks jurisdiction and that plaintiff does not have standing to bring this case. This case must be dismissed without further leave to amend as further amendment would be futile.

////

IV.  CONCLUSION

For the reasons explained above, the undersigned recommends that the First Amended Complaint (ECF No. 5) be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 6, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE